Irwin B. Schwartz (SBN 141140)
John V. Komar (SBN 169662)
**PETRIE SCHWARTZ LLP**
2033 Gateway Place, Suite 500
San Jose, California 95110
Telephone: 408-947-9099
Facsimile: 408-947-9001

Attorneys for Plaintiff
Riverdeep Inc., A Limited Liability Company

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERDEEP INC., A LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN TELEVISION in CHINA, a California corporation; INTERNATIONAL TELEVISION for ASIA, a California corporation; INTERNATIONAL LAW FIRM OF MICHAEL R. POLIN; MICHAEL R. POLIN, in his individual capacity and capacity as general counsel to the corporate defendants; and SANDER K. JOHNSON, in his individual capacity,<br><br>Defendants. | Case No. 06 CV 00632 (MJJ)<br><br>**STIPULATED PERMANENT INJUNCTION AND ORDER**<br><br>AND GRANTED<br><br>Hon. Martin J. Jenkins |

Plaintiff Riverdeep Inc., A Limited Liability Company ("Riverdeep") and defendants American Television in China ("ATC"), International Television for Asia, International Law Firm of Michael R. Polin, Michael R. Polin, and Sander K. Johnson (collectively "Defendants"), by and through their counsel of record, stipulate as follows:

STIPULATED PERMANENT INJUNCTION     06 CV 00632 (MJJ)

1. Riverdeep filed the complaint in this action for, inter alia, copyright and trademark infringement, and breach of contract, on January 30, 2006. The Defendants have denied any and all liability with regards to the complaint.

2. The complaint includes a claim that defendant ATC is in material breach of a contract to pay Riverdeep sums due under an International License and Distribution Agreement dated March 31, 2004 between Riverdeep and ATC (the "Agreement"), and that due to such uncured breach, the Agreement was terminated in May 2005. The Agreement contains an arbitration clause and, pursuant to that clause, Riverdeep commenced an arbitration against ATC with the American Arbitration Association entitled Riverdeep Inc., A Ltd. Liab. Co. v. Am. Television in China, Matter No. 50-133-T-00046-06 (AAA San Francisco) (the "AAA Proceeding").

3. Riverdeep filed an application for a temporary restraining order and expedited discovery on February 10, 2006, seeking an injunction in aid of arbitration with respect to the AAA proceeding, and seeking expedited discovery and to enjoin ATC and the other Defendants from infringing Riverdeep's copyrights and trademark. The parties stipulated to a preliminary injunction in aid of arbitration, which injunction was entered by the court on February 22, 2006, and this matter was stayed pending the AAA Proceeding.

4. The parties have now agreed to settle all matters between them, and as part of that settlement have agreed to lift the stay of this case to allow the entry of a permanent injunction as follows:

    a. Defendants, and each of them, are permanently enjoined from distributing in any manner, including but not limited to, selling, trading, giving away, bartering, marketing or advertising for sale any Riverdeep product or associated marketing materials, trademarks or brand names, including but not limited to any product covered by the

1  Agreement.

2      b. Defendants, and each of them, are permanently enjoined from replicating, duplicating or in any way copying by their own hand or through any third parties all or portions of any Riverdeep product including but not limited to any product covered by the Agreement.

    c. Defendants, and each of them, are permanently enjoined from representing in any manner, to any person or entity, that they are authorized to distribute any Riverdeep product or represent Riverdeep and its brand names, including but not limited to any product or intellectual property covered by the Agreement.

    d. Defendants, and each of them, are permanently enjoined from using, in any manner whatsoever, any trademark of any product covered by the Agreement or owned or licensed by Riverdeep.

5. Defendants have previously provided all gold master disks in their possession for any Riverdeep product, including but not limited to any product covered by the Agreement, to Riverdeep's counsel, John V. Komar. Defendants also obtained all gold master disks, for any Riverdeep product, that they provided to any third party, whether domestic or abroad, and delivered those gold master disks to Mr. Komar, who maintained possession of the disks at his firm. Mr. Komar may now return those gold master disks to Riverdeep.

6. The parties further stipulate that the court may enter this permanent injunction, and then dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

Dated: September __, 2006                      International Law Firm of Michael R. Polin

STIPULATED PERMANENT INJUNCTION                      06 CV 00632 (MJJ)

- 3 -

*[signature]*
Michael R. Polin

Counsel for Defendants
AMERICAN TELEVISION in CHINA;
INTERNATIONAL TELEVISION for ASIA;
INTERNATIONAL LAW FIRM OF
MICHAEL R. POLIN; MICHAEL R. POLIN,

Dated: September __, 2006

PETRIE SCHWARTZ LLP

/s/
Irwin B. Schwartz
John V. Komar

Counsel for RIVERDEEP, INC., a Limited
Liability Company, a Delaware limited
liability company

Dated: September __, 2006

*[signature]*
Sander Johnson

In Pro Per

SO ORDERED:

Dated: 11/8/2006

*[signature]*
United States District Judge

STIPULATED PERMANENT INJUNCTION

- 4 -

06 CV 00632 (MJJ)